

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

February 5, 2004

Mr. Don W. Brown
Commissioner of Higher Education
Texas Higher Education Coordinating Board
P.O. Box 12788
Austin, Texas 78711

Opinion No. GA-0144

Re: Whether schools of acupuncture are subject to regulation by the Texas Higher Education Coordinating Board under chapter 61, subchapter G of the Education Code, or whether they are exempt from regulation under section 61.303(a) of the code  (RQ-0091-GA)

Dear Mr. Brown:

You ask whether schools of acupuncture are subject to regulation by the Texas Higher Education Coordinating Board (the "THECB") under chapter 61, subchapter G of the Education Code, or whether they are exempt from regulation by the THECB under section 61.303(a) of the code.[1]

Chapter 61 of the Education Code creates the THECB, a state agency, and declares that "[i]t shall perform only the functions which are enumerated in [chapter 61] and which the legislature may assign to it." TEX. EDUC. CODE ANN. § 61.021(a) (Vernon 1996). Subchapter G of chapter 61 provides for the regulation of private postsecondary educational institutions, which term is defined as an educational institution which:

(A) is not an institution of higher education as defined by Section 61.003;

(B) is incorporated under the laws of this state, maintains a place of business in this state, has a representative present in this state, or solicits business in this state; and

(C) furnishes or offers to furnish courses of instruction in person, by electronic media, or by correspondence leading to a degree or providing credits alleged to be applicable to a degree.

---

[1]See Letter from Don W. Brown, Commissioner of Higher Education, Texas Higher Education Coordinating Board, to Honorable Greg Abbott, Texas Attorney General, at 1-4 (Aug. 5, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

*Id.* § 61.302(2) (Vernon Supp. 2004). Section 61.304 empowers the THECB to regulate every private postsecondary educational institution: "A person may not grant or award a degree on behalf of a private postsecondary educational institution unless the institution has been issued a certificate of authority to grant the degree by the board in accordance with the provisions of this subchapter." *Id.* § 61.304 (Vernon 1996).

You note that there are four schools of acupuncture in Texas[2] and that the THECB "has never granted a certificate of authority" to any of the Texas acupuncture schools "to allow them to award degrees, or to use the protected term 'college.'" Request Letter, *supra* note 1, at 2. The four Texas schools of acupuncture fall within the definition of "[p]rivate postsecondary educational institution" in section 61.302. TEX. EDUC. CODE ANN. § 61.302(2) (Vernon Supp. 2004). None of them are "[i]nstitution[s] of higher education" under section 61.003, *see id.* § 61.003(8); each "is incorporated under the laws of this state, maintains a place of business in this state, has a representative present in this state, or solicits business in this state"; and each of them "furnishes or offers to furnish courses of instruction in person, by electronic media, or by correspondence leading to a degree or providing credits alleged to be applicable to a degree." *Id.* § 61.302(2).[3]

Your question is whether the exemptions of section 61.303(a) apply to the schools of acupuncture operating in Texas. *See* Request Letter, *supra* note 1, at 2-4. That provision states:

> (a) The provisions of this subchapter do not in any way apply to an institution which is fully accredited by a recognized accrediting agency, or an institution or degree program that has received approval by a state agency authorizing the institution's graduates to take a professional or vocational state licensing examination administered by that agency. The granting of permission by a state agency to a graduate of an institution to take a licensing examination does not by itself constitute approval of the institution or degree program required for an exemption under this subsection.

TEX. EDUC. CODE ANN. § 61.303(a) (Vernon Supp. 2004). Section 61.303(a) essentially furnishes two exemptions from the THECB's authority to require a school of acupuncture to obtain a certificate of authority in order to operate. The first exemption applies when the institution is "fully accredited by a recognized accrediting agency." *Id.* Although we have received several briefs indicating that the four Texas schools of acupuncture are accredited by the Accreditation

---

[2]The four schools of acupuncture are the Texas College of Traditional Chinese Medicine, located in Austin; the Academy of Oriental Medicine at Austin; the Dallas College of Oriental Medicine; and the American College of Acupuncture and Oriental Medicine, located in Houston. *See* http://www.acaom.org/.

[3]*See* Texas College of Traditional Chinese Medicine, *available at* http://www.texastcm.edu/; Academy of Oriental Medicine at Austin, *available at* http://www.aoma.edu/; Dallas College of Oriental Medicine, *available at* http://www.diaom.com/; American College of Acupuncture and Oriental Medicine, *available at* http://www.acaom.edu/.

Commission for Acupuncture and Oriental Medicine (the "ACAOM"),[4] an agency recognized by the United States Department of Education as the national accrediting agency for schools of acupuncture,[5] for purposes of section 61.303(a) of the Education Code, a "[r]ecognized accrediting agency" is "an association or organization so designated by rule of the [THECB] for purposes of this subchapter." *Id.* § 61.302(8). You state that, while "[a]ll four acupuncture schools that operate in Texas at this time are accredited by the ACAOM, . . . this is not an accrediting agency that is recognized" by the THECB. Request Letter, *supra* note 1, at 3. Thus, the first exemption of section 61.303(a) is not applicable to schools of acupuncture operating in Texas because such institutions are not "fully accredited by a recognized accrediting agency" as that term is defined in section 61.302(8). *See* TEX. EDUC. CODE ANN. §§ 61.302(8), .303(a) (Vernon Supp. 2004).

The second exemption applies to "an institution or degree program that has received approval by a state agency authorizing the institution's graduates to take a professional or vocational state licensing examination administered by that agency." *Id.* § 61.303(a). The exemption includes the caveat that "[t]he granting of permission by a state agency to a graduate of an institution to take a licensing examination does not by itself constitute approval of the institution or degree program required for an exemption under this subsection." *Id.* It is clear from this caveat that in order for the second exemption to apply, a state agency must do more than permit graduates of an institution to take the agency's licensing examination. Rather, the second exemption requires that a state agency has approved the institution or degree program. Thus, we must determine whether any other law authorizes the Texas State Board of Acupuncture Examiners (the "TSBAE") to approve an "institution or degree program."

Section 205.101(a) of the Occupations Code sets forth that "[s]ubject to the advice and approval of the [Texas State Board of Medical Examiners]," the TSBAE shall:

(1) establish qualifications for an acupuncturist to practice in this state;

(2) establish minimum education and training requirements necessary for the acupuncture board to recommend that the medical board issue a license to practice acupuncture;

(3) administer an examination that is validated by independent testing professionals for a license to practice acupuncture;

(4) develop requirements for licensure by endorsement of other states;

[4]*See* Briefs from Michele Shackelford, General Counsel, Texas State Board of Medical Examiners (Oct. 3, 2003); Jill Warren, Bracewell & Patterson, L.L.P. (Oct. 3, 2003); Claire Bondy Hyder & Leslie Lynn Myers, Texas Association of Acupuncture and Oriental Medicine (Sept. 19, 2003); Jimmie L. Coombes, Academy of Oriental Medicine at Austin (Sept. 1, 2003) (all briefs on file with Opinion Committee).

[5]*See* http://www.ed.gov/admins/finaid/accred/accreditation_pg6.html; http://www.acaom.org.

(5) prescribe the application form for a license to practice acupuncture;

(6) make recommendations on applications for licenses to practice acupuncture;

(7) establish the requirements for a tutorial program for acupuncture students who have completed at least 48 semester hours of college; and

(8) recommend additional rules as are necessary to administer and enforce this chapter.

TEX. OCC. CODE ANN. § 205.101(a) (Vernon 2004). Moreover, "[t]he acupuncture board does not have independent rulemaking authority." *Id.* § 205.101(b). On the other hand, section 205.206 of the Occupations Code provides:

(a) A reputable acupuncture school, in addition to meeting standards set by the acupuncture board, must:

(1) maintain a resident course of instruction equivalent to not less than six terms of four months each for a total of not less than 1,800 instructional hours;

(2) provide supervised patient treatment for at least two terms of the resident course of instruction;

(3) maintain a course of instruction in anatomy-histology, bacteriology, physiology, symptomatology, pathology, meridian and point locations, hygiene, and public health; and

(4) have the necessary teaching force and facilities for proper instruction in required subjects.

(b) In establishing standards for the entrance requirements and course of instruction of an acupuncture school, the acupuncture board may consider the standards set by the National Accreditation Commission for Schools and Colleges of Acupuncture and Oriental Medicine [now the ACAOM].[6]

*Id.* § 205.206.

---

[6]*See* http://www.acaom.org/accdtd_cndtdschls.htm.

Although the TSBAE is directed to "establish minimum education and training requirements necessary for the acupuncture board to recommend that the medical board issue a license to practice acupuncture," *id.* § 205.101(a)(2), this requirement is not equivalent to the authority to *approve* an "institution or degree program" offered by a school of acupuncture. *See* TEX. EDUC. CODE ANN. § 61.303(a) (Vernon Supp. 2004). The TSBAE's duty is directed at "minimum education and training requirements" that individuals must meet. *See* TEX. OCC. CODE ANN. § 205.101(a)(2) (Vernon 2004). Section 61.303(a) of the Education Code makes this point abundantly clear in declaring that "[t]he granting of permission by a state agency to a graduate of an institution to take a licensing examination *does not by itself constitute approval of the institution or degree program required for an exemption under this subsection.*" TEX. EDUC. CODE ANN. § 61.303(a) (Vernon Supp. 2004) (emphasis added). Moreover, although subsection (b) of section 205.206 declares that the TSBAE may establish "standards for the . . . course of instruction of an acupuncture school," TEX. OCC. CODE ANN. § 205.206(b) (Vernon 2004), we do not believe that this language is specific enough to permit the TSBAE to approve an "institution or degree program." TEX. EDUC. CODE ANN. § 61.303(a) (Vernon Supp. 2004).

By contrast, the Board of Nurse Examiners is specifically empowered to "approve schools of nursing and educational programs that meet the board's requirements" as well as "deny or withdraw approval from a school of nursing or educational program that fails to meet . . . prescribed . . . standard[s]." TEX. OCC. CODE ANN. § 301.157(b)(4)-(5) (Vernon 2004). And section 301.252 declares that the Board of Nurse Examiners may waive a particular licensing requirement "if the applicant provides satisfactory sworn evidence that the applicant has completed an acceptable level of education in . . . a professional nursing school approved by the board." *Id.* § 301.252(b)(1). Thus, when the legislature intends to confer on a licensing board the authority to approve an institution or degree program, it knows how to do so. We conclude, therefore, that because the TSBAE is not empowered to approve any "institution or degree program," a school of acupuncture is not excepted from regulation by the THECB by the second exemption of section 61.303(a) of the Education Code. *See* TEX. EDUC. CODE ANN. § 61.303(a) (Vernon Supp. 2004).

Accordingly, in answer to your specific question, acupuncture schools are not exempt from regulation by the THECB under section 61.303(a) of the Education Code. Those schools may not use the protected term "college" or award degrees without approval by the THECB.

# S U M M A R Y

Schools of acupuncture are subject to regulation by the Texas Higher Education Coordinating Board.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee